EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JASON DOWNING, et al.,

              Plaintiffs and Counter Defendants,

v.

STRYKER NEUROVASCULAR,

              Defendant and Counter Plaintiff.

_____/

STRYKER SALES CORPORATION,

              Plaintiff,

v.

JASON DOWNING, et al.,

              Defendants.

_____/

CASE NO. 1:18-CV-841

HON. ROBERT J. JONKER

**CONSOLIDATED**

CASE NO. 1:18-CV-893

HON. ROBERT J. JONKER


**JURY INSTRUCTIONS**

**TABLE OF CONTENTS**

2.01    Introduction .................................................................................................1

2.02    Jurors' Duties ..............................................................................................2

2.01B  More than One Defendant .............................................................................3

2.03    All Persons Equal Before the Law - Organizations .............................................4

2.04   Evidence Defined ................................................................................................5

2.05   Consideration of Evidence ...................................................................................7

2.05A  Consideration of Evidence - Corporate.................................................................8

2.06   Direct and Circumstantial Evidence .....................................................................9

2.07   Credibility of Witnesses.....................................................................................10

2.08   Number of Witnesses and Evidence Presented....................................................12

2.08B  Single Witness ..................................................................................................13

2.08A  All Available Evidence Need Not Be Produced ...................................................14

2.08C  Not Required to Accept Uncontradicted Testimony..............................................15

2.14   Lawyers' Objections ...........................................................................................16

3.01   Introduction......................................................................................................17

3.02   Preponderance of the Evidence ..........................................................................18

3.03   Summary of Claims ...........................................................................................19

3.03   Specific Elements of Claims: Breach of Contract ...............................................21

3.03   Specific Elements of Claims: Tortious Interference with Contract .......................22

3.03A  Proximate Cause ...............................................................................................25

3.04   Damages............................................................................................................26

3.04   Damages for Lost Profits ....................................................................................27

3.04A  Damages: Reasonable – Not Speculative .............................................................28

3.04E  Duty to Mitigate Damages .................................................................................29

4.01   Introduction ......................................................................................................30

4.02   Stipulations of Fact ............................................................................................31

4.05    Testimony of Expert Witness ............................................................................32

4.05A  Compensation of Expert Witnesses ...................................................................33

4.06    Summaries Not Admitted in Evidence ...............................................................34

4.06    Witness Who Has Been Interviewed by an Attorney .........................................35

4.07    Impeachment: Inconsistent Statement ...............................................................36

4.08    Impeachment by Prior Inconsistent Statement Not Under Oath.........................37

10.02   Deposition as Substantive Evidence ..................................................................38

9.01    Introduction .......................................................................................................39

9.02    Experiments, Research and Investigation ..........................................................40

9.04    Duty to Deliberate  ...........................................................................................41

9.04A  Notes .................................................................................................................42

9.05    Verdict Form .....................................................................................................43

9.09    Court Has No Opinion .......................................................................................44

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON DOWNING, et al.,

        Plaintiffs and Counter Defendants,

v.

STRYKER NEUROVASCULAR,

        Defendant and Counter Plaintiff.

_____/

STRYKER SALES CORPORATION,

        Plaintiff,

v.

JASON DOWNING, et al.,

        Defendants.

_____/

CASE NO. 1:18-CV-841

HON. ROBERT J. JONKER

**CONSOLIDATED**

CASE NO. 1:18-CV-893

HON. ROBERT J. JONKER

### COURT'S

### PROPOSED JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 1

### CV 2.01 - Introduction

(1)    Members of the jury, I will now instruct you as to the law that you must follow in deciding this case.

(2)    I will start by explaining your duties and the general rules that apply in every civil case.

(3)    Then I will explain the elements of the claims made by Stryker, and the particular issues you must decide.

(4)    Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5)    Then the lawyers for the parties will make their closing arguments.

(6)    After closing arguments, I will then explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(7)    Please listen very carefully to everything I say.

1

## JURY INSTRUCTION NO. 2

### CV 2.02 - Jurors' Duties

(1)    You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you have seen and heard in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)    Your second duty is to take the law that I give you, apply it to the facts, and decide whether Stryker has established the disputed elements of its claims by a preponderance of the evidence.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

(3)    The lawyers may talk about the law during their arguments.  But if what they say is different from what I say, you must follow what I say.  What I say about the law controls.

(4)    Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

2

## JURY INSTRUCTION NO. 3

### CV 2.01B - More than One Defendant

(1)    Although there is more than one defendant in this action, it does not follow from that fact alone that if one is liable, all are liable.  Each defendant's defense is entitled to a fair consideration by you and is not to be prejudiced by the fact, if it should become a fact, that you find against another defendant.  Unless otherwise stated, all instructions apply to each defendant.

3

## JURY INSTRUCTION NO. 4

### CV 2.03 - All Persons Equal Before the Law – Organizations

(1)    This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.  A corporation is entitled to the same fair trial at your hands as a private individual.

## JURY INSTRUCTION NO. 5

### CV 2.04 - Evidence Defined

(1)     You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)     The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the depositions read into evidence; the stipulations that the lawyers agreed to; and any facts that I have judicially noticed.

(3)     Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4)     During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record or I allowed some evidence to be considered by you for a limited purpose.  You must completely ignore all of the things which are not in evidence or which I struck from the record, and you can consider the evidence which was admitted for a limited purpose only in your consideration of the limited purpose for which the evidence was admitted.  Do not speculate about what a

witness might have said or what an exhibit might have shown.  Things that are not evidence are not to influence your decision in any way.

(5)     Make your decision based only on the evidence, as I have defined it here, and nothing else.

## JURY INSTRUCTION NO. 6

### CV 2.05 - Consideration of Evidence

(1)     You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

(2)     Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

7

## JURY INSTRUCTION NO. 7

### CV 2.05A - Consideration of Evidence - Corporate

(1)     A corporation may act only through natural persons as its agents or employees.  In general, any agent or employee of a corporation may bind the corporation by acts and declarations made while acting within the scope of the authority delegated by the corporation, or within the scope of the duties as an employee of the corporation.

## JURY INSTRUCTION NO. 8

### CV 2.06 - Direct and Circumstantial Evidence

(1)    Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)    Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that it was raining outside, and you believed the witness, that would be direct evidence that it was raining.

(3)    Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)    It is your job to decide how much weight to give the direct and circumstantial evidence.  That law makes no distinction between the weight that you should give to either one, or say that one is any better than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## JURY INSTRUCTION NO. 9

### CV 2.07 - Credibility of Witnesses

(1)     Another part of your duties as jurors is to decide how credible or believable each witness was. This is your duty, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2)     Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)     Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)     Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)     Ask yourself if the witness had any relationship to any party in this case, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying

10

that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)    Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)    And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)    These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## JURY INSTRUCTION NO. 10

### CV 2.08 - Number of Witnesses and Evidence Presented

(1)    The number of witnesses who testified makes no difference.

(2)    Do not make any decision based only on the number of witnesses who testified or quantity of evidence presented.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves; and which evidence appeals to your minds as being most accurate and otherwise trustworthy. Concentrate on that, not the numbers.

# JURY INSTRUCTION NO. 11

## CV 2.08B - Single Witness

(1)     The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

## JURY INSTRUCTION NO. 12

### CV 2.08A - All Available Evidence Need Not Be Produced

(1)    No party must call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## JURY INSTRUCTION NO. 13

### CV 2.08C - Not Required to Accept Uncontradicted Testimony

(1)    You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the witness's testimony, or for other reasons you find sufficient, that such testimony is not worthy of belief.

## JURY INSTRUCTION NO. 14

### CV 2.14 - Lawyers' Objections

(1)     The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(2)     And do not interpret my rulings on the lawyers' objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on any opinion I might have about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

## JURY INSTRUCTION NO. 15

### CV 3.01 - Introduction

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.  In a moment, I will explain the elements of Stryker's claims against Defendants Jason Downing, James Phelps, and Balt USA LLC, and what you must decide about them.

(2) But before I do that, I want to emphasize that this trial is only on the particular claims alleged in Stryker's Complaint against the Defendants.  Your job is limited to deciding whether Stryker has proved the disputed elements of those claims alleged in this case.

## JURY INSTRUCTION NO. 16

### CV 3.02 - Preponderance of the Evidence

(1)     The burden is on Stryker to prove every disputed element of its claims by a preponderance of the evidence.  If the proof fails to establish any one of the disputed elements of Stryker's claims by a preponderance of the evidence, you must find for the defendant as to that claim.

(2)     To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by a preponderance of the evidence.

(3)     This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.  Furthermore, this does not require proof beyond a reasonable doubt.  Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases.  It does not apply in civil cases such as this.

## JURY INSTRUCTION NO. 17

### CV 3.03 - Summary of Claims

(1)      Stryker has asserted two claims: (A) Breach of Contract against Defendants Jason Downing and James Phelps; and (B) Tortious Interference with Contract against Defendant Balt USA LLC.  I will briefly summarize these claims; what has already been decided in earlier proceedings; and what remains for you to decide.

(2)      <u>Breach of Contract</u>.  Defendants Downing and Phelps each entered into the Stryker Confidentiality, Intellectual Property and Non-Solicitation Agreement when accepting employment with Stryker.  The Agreement obligated Defendants Downing and Phelps not to contact, solicit or sell competing products to certain Stryker customers for 12 months following the end of their employment with Stryker.  The Court has already determined that Defendants Downing and Phelps breached this part of the Agreement and you do not need to decide that.  What you do need to decide is whether Stryker was damaged by the breaches, and if so, in what amounts.

(3)      <u>Tortious Interference</u>.  Stryker claims that Balt tortiously  interfered with Stryker's Agreements with Defendants Downing and Phelps by intentionally and improperly inducing each of them to breach their valid Agreements with Stryker.  The Court has already determined that Balt knew about Defendants Downing and Phelps' Agreements with Stryker and induced them to breach.  You do not need to decide these things.  What you do need to decide is whether Balt's interference was intentional and improper; whether Stryker was damaged as a result of Balt's conduct; and if so, in what

amount.

(4)    Now, let me give you more detailed instructions on these claims.

## JURY INSTRUCTION NO. 18

### CV 3.03 - Specific Elements of Claims

### Breach of Contract

(1)     Stryker brings a claim for Breach of Contract against Jason Downing and James Phelps.  To succeed on a claim for breach of contract, Stryker must establish the following elements:

      (A)     That there was a contract;

      (B)     That the Defendants breached the contract; and

      (C)     That Stryker suffered damages as a proximate result of the breach of contract by the Defendants.

(2)     The Court has already determined that Stryker has established the first two elements as a matter of law.  The third element, whether Stryker suffered damages as a proximate result of the breach of contract by the Defendants, is the only remaining element for you to decide.  Remember that Stryker, as the plaintiff, has the burden of proving this element by a preponderance of the evidence.

(3)     If you find after considering all the evidence that Stryker has proved this element as to one or both contracts between Stryker and Defendants Downing and Phelps, then your verdict will be for Stryker as to the established claim or claims.  However, if Stryker fails to prove this element as to either or both of Defendants Downing and Phelps, then your verdict will be against Stryker on any unestablished claim.

## JURY INSTRUCTION NO. 19

### CV 3.03 - Specific Elements of Claims

### Tortious Interference with Contract

(1)     Stryker brings a claim for Tortious Interference with Contract against Balt. To succeed on this claim, Stryker must prove the following elements.

(A)     Stryker had valid contracts with Mr. Downing and Mr. Phelps at the time of the claimed interference.

(B)     Balt knew of the contracts at that time.

(C)     Balt induced both Mr. Downing and Mr. Phelps to breach their respective contracts with Stryker by contacting, soliciting, or servicing Stryker customers on behalf of Balt after they left Stryker to work for Balt.

(D)     Balt's interference with the contracts was both intentional and improper.

(E)     Stryker was damaged as a result of Balt's conduct.

(2)     The Court determined as a matter of law that Stryker established the first three elements.  The remaining two elements–(D) and (E)–are the only issues for you to decide.

(3)     When I say that Stryker must prove that Balt "intentionally" interfered with Defendants Downing and Phelps' contracts with Stryker, I mean the following:

(A)     Balt's primary, but not necessarily sole, purpose was to cause Mr. Downing and Mr. Phelps to breach their Agreements; or

(B)    Balt acted knowing that its conduct was certain or substantially certain to cause Mr. Downing and Mr. Phelps to breach their Agreements.

(4)    When I saw that Stryker must prove that Balt "improperly" interfered with Defendants Downing and Phelps' contracts with Stryker, I mean the following:

(A)    Improper interference is conduct that is fraudulent, not lawful, not ethical, or not justified under any circumstances.

(B)    Even if Balt's conduct was lawful, it may still be improper if it was done without justification and for the purpose of interfering with Stryker's contractual rights.  To establish that lawful conduct was improper Stryker must specifically show affirmative acts by Balt that show it had the wrongful purpose of interfering with Stryker's contractual rights.  A defendant is not justified in inducing a breach of contract simply because that defendant is in competition with one of the parties to the contract and seeks to further its own economic advantage at the expense of the plaintiff.

(C)    In determining whether Balt's conduct was improper, you may consider the following factors:

(A)    The nature of Balt's conduct;

(B)    Balt's motive or reasons for its actions;

(C)    The interests of Stryker with which Balt's conduct allegedly interfered;

(D)    The interests that Balt sought to advance;

(E)    Society's interest in (i) protecting the freedom of Balt to engage in

23

such conduct, and (ii) protecting contractual relationships, business relationships, or expectancies such as that held or sought by Stryker.

(F)    How directly Balt's conduct induced breach by either or both of Defendants Downing and Phelps;

(G)    Whether Balt presented evidence that it sought and  obtained opinions of counsel before engaging in any interfering conduct; and

(H)    The nature of the relationships of Balt, Stryker, Mr. Downing, and Mr. Phelps to the contracts.

(5)    Your verdict will be for Stryker if you find it has established the disputed elements by a preponderance of the evidence.  Your verdict will be for Balt if you find Stryker has failed to prove any disputed element by a preponderance of the evidence.

## JURY INSTRUCTION NO. 22

### CV 3.03A - Proximate Cause

(1)     An injury or damage is proximately caused by an act, or failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result, or a reasonably probable consequence of the act or omission.

## JURY INSTRUCTION NO. 23

### CV 3.04 - Damages

(1)     If you find Stryker has proven any of its claims against any Defendant by a preponderance of the evidence, you must determine the damages to which Stryker is entitled.  You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe that Stryker should, or should not, win this case.

(2)     I am instructing you on damages only so that you will have guidance in the event you decide that one or more Defendants is liable and that Stryker is entitled to recover money from one or more of them.

**JURY INSTRUCTION NO. 24**

**CV 3.04 - Damages for Lost Profits**

(1)    Damages for breach of contract or for tortious interference with contract may include lost profits.  Loss of profits may be recovered if:

(A)    It is reasonably probable that the profits would have been earned except for the breach,

(B)    The amount of loss can be shown with a reasonable degree of certainty, and

(C)    There is a a reliable basis in the evidence for computing the loss of profits.

(2)    Loss of profits is measured by net profits, not gross profits.

## JURY INSTRUCTION NO. 25

### CV 3.04A - Damages: Reasonable – Not Speculative

(1)    Damages must be reasonable.  If you should find that Stryker is entitled to a verdict, you may award only such damages as will reasonably compensate Stryker for such injury and damage as you find, from a preponderance of the evidence in the case, it sustained as a proximate result of the liable Defendant's acts or omissions.    (  2  )

Damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant.  On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover all aspects of injury--tangible and intangible. They are an attempt to restore a plaintiff, that is, to make the plaintiff whole or as the plaintiff was immediately prior to the breaching or tortious conduct.

(3)    You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

## JURY INSTRUCTION NO. 26

### CV 3.04E - Duty to Mitigate Damages

(1)     Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages -- that is, to take advantage of any reasonable opportunity the person may have had under the circumstances, or will have, to reduce or minimize the loss or damage.

(2)     The burden is on Defendants to prove that Stryker failed to minimize its damages and that the damages should be reduced by a particular amount as a result.

(3)     So, if you should find from a preponderance of the evidence that the plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all of the circumstances shown by the evidence, then you should reduce the amount of plaintiff's damages by the amount the plaintiff could have reasonably realized or will reasonably realize if the plaintiff takes advantage of such opportunities.

**JURY INSTRUCTION NO. 27**

**CV 4.01 - Introduction**

(1)     That concludes the part of my instructions explaining the elements of the claims made by Stryker Corporation and Stryker Sales Corporation and how to calculate damages if you find that damages should be awarded.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

## JURY INSTRUCTION NO. 28

### CV 4.02A - Stipulations of Fact

(1)     The parties have agreed to certain facts that will be given to you.  You should

therefore treat these facts as having been proved.

## JURY INSTRUCTION NO. 29

### CV 4.05 - Testimony of Expert Witness

(1)     You have heard the testimony of some witnesses who were described to you as an expert in their field of study.  These witnesses were permitted to testify even though they did not actually witness any of the events involved in this trial.

(2)     A person's training and experience may make that witness a true expert in a technical field.  The law allows that person to state an opinion here about matters in that particular field.  Merely because a witness has expressed an opinion does not mean, however, that you must accept this opinion.  The same as with any other witness, it is up to you to decide whether you believe their testimony and choose to rely upon it.  Part of that decision will depend on your judgment about whether the witness's background of training and experience is sufficient for the witness to give the expert opinion that you heard.  You must also decide whether the witness's opinions were based on sound reasons, judgment, and information.

## JURY INSTRUCTION NO. 30

### CV 4.05A - Compensation of Expert Witnesses

(1)     During the trial, witnesses who gave opinions may have been asked if they had been or would be compensated for their services.

(2)     It is not improper for a witness who gave an opinion to be compensated for services.  It is a customary and accepted procedure.  No possible suggestion of impropriety results from the compensation for the services of such a witness, including compensation for giving testimony at trial.

(3)     Of course, you may consider any compensation promised or paid in assessing the credibility of the expert.

## JURY INSTRUCTION NO. 31

### CV 4.06 - Summaries Not Admitted in Evidence

(1)    You have seen some demonstratives, charts, and summaries that were not received in evidence that may help explain the evidence.  Their only purpose is to help explain the evidence.  These demonstratives, charts summaries are not themselves evidence or proof of any facts.

# JURY INSTRUCTION NO. 32

## CV 4.06W - Witness Who Has Been Interviewed by an Attorney

(1)      It has been brought out that an attorney has talked with witnesses.  There is nothing wrong with an attorney talking about a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.

(2)      Of course, you may consider any such interview in assessing the credibility of the witness.

## JURY INSTRUCTION NO. 33

### CV 4.07 - Impeachment:  Inconsistent Statement

(1)    A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

(2)    If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

## JURY INSTRUCTION NO. 34

### CV 4.08 - Impeachment By Prior Inconsistent Statement Not Under Oath

(1)    You have heard the testimony of some witnesses who may have made statements before this trial that differ from their testimony here in court.

(2)    Any such statements were brought to your attention only to help you decide how believable the witness's testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating the witness's testimony here in court.

# JURY INSTRUCTION NO. 35

## CV 10.02 - Deposition As Substantive Evidence

(1)    When a person is unavailable to testify at trial, the deposition of that person may be used at trial.  A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

(2)    Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

(3)    Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## JURY INSTRUCTION NO. 36

### CV 9.01 - Introduction

(1)     Now let me conclude by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any question or message, you must write it down on a piece of paper, sign it, and then give it to the jury officer.  The officer will give the message to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.   Any question or message normally should be sent to me through your foreperson.

(4)     You will be given the documents that were admitted into evidence.  If you want to see any of the exhibits that were admitted into evidence and which you do not have, you may send me a message, and those exhibits will be provided to you.

(5)     One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split, or whatever your vote happens to be.  That should stay secret until you are finished.

# JURY INSTRUCTION NO. 37

## CV 9.02 - Experiments, Research and Investigation

(1)     Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

(2)     For example, do not conduct any experiment inside or outside the jury room; do not bring any book, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any place that was mentioned during the trial physically or in our world today virtually.  During your deliberations you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media such as a telephone, cell phone, smartphone, iPhone, Blackberry, or computer, the Internet, any Internet service or any text or instant messaging service or any Internet chat room, blog, or website such as Facebook, MySpace, Linked In, or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

(3) Make your decision based only on the evidence that you saw and heard here in court.

## JURY INSTRUCTION NO. 38

### CV 9.04 - Duty to Deliberate

(1)    Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)    But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach agreement, but only if you can do so honestly and in good conscience.

(3)    No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4)    Listen carefully to what the other jurors have to say, and then decide for yourself whether the parties' claims were proved.

## JURY INSTRUCTION NO. 39

### CV 9.04A - Notes

(1)     Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. They are not evidence.

(2)     Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case. You should not be unduly influenced by the notes of other jurors.

## JURY INSTRUCTION NO. 40

### CV 9.05 - Verdict Form

(1)     I have prepared verdict forms for your use.  A verdict form is simply the written notice of your decision.  Whatever decision you reach in this case must be the unanimous decision of all of you.  When all of you agree upon a verdict, it will be received as your verdict.

(2)     When you answer one or all of these questions regarding one of the parties, you should then answer the questions for the other parties.  Your foreperson should sign and date all verdict forms.

(3) After the verdict form is completed, your foreperson should give a written note to the jury officer.  That person will deliver that note to me, you will be called into the courtroom, and your foreperson will deliver the verdict to me in the courtroom.  The parties will then be informed of your verdicts.

## JURY INSTRUCTION NO. 41

### CV 9.09 - Court Has No Opinion

(1)     Let me emphasize something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves whether a party's claims were proved by a preponderance of the evidence.